IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICK PIZZELLA,<br>        Plaintiff<br><br>v.<br><br>SMUGGLERS' WHARF, INC., et al.,<br>        Defendants | No. 1:19-cv-248<br><br>RICHARD A. LANZILLO<br>UNITED STATES MAGISTRATE JUDGE<br><br>OPINION AND ORDER ON PLAINTIFF'S<br>MOTION TO COMPEL DISCOVERY<br>[ECF NO. 18] |

**MEMORANDUM OPINION AND ORDER**

I.    Background

Plaintiff, Patrick Pizzella, Acting Secretary of Labor, U.S. Department of Labor ("Plaintiff") commenced this action against Smugglers' Wharf, Inc. d/b/a Smugglers Wharf, Michael E. Kubasik, and Kathleen Kubasik, (collectively, "Defendants") alleging violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. ("the Act"). The crux of Plaintiff's Complaint is that Defendants paid servers materially less than the statutory minimum hourly wage while improperly requiring servers to participate in an invalid tip pool that included participants who do not customarily and regularly receive tips, specifically kitchen staff, cooks and dishwashers. The Complaint alleges that this improper arrangement existed "from at least June 2, 2016, through at least August 18, 2018." ECF No. 1. The Complaint further alleges that during the same time period, Defendants failed to pay the mandated overtime compensation of one-and one-half times an employee's regular wage rate to employees who worked over forty hours in a given workweek. Plaintiff seeks injunctive relief, back wage compensation due to affected employees, and liquidated damages to affected employees in an amount equal to back wage compensation. Plaintiff's Complaint included a Schedule A listing

thirty current or former employees of Defendants who Plaintiff avers Defendants did not pay appropriate wages during the period of June 27, 2016, through at least August 18, 2018. The Complaint generally avers that violations may have occurred after August 18, 2018 and may involve employees not listed in Schedule A.

At issue is a single interrogatory served by Plaintiff directing Defendants to "[i]dentity each and every person employed by Defendants during the period June 2, 2016 to the present by stating each individual's first, middle, and last names, last known address, home telephone number, mobile telephone number, email address, date of birth, nickname or alias, date of hire, date of termination, all job titles of positions held, and the start and end dates of each position." Defendants objected to this interrogatory "as unduly burdensome, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence." Subject to this objection, Defendants provided the requested information for the thirty current or former employees listed in Schedule A of the Plaintiff's Complaint. Plaintiff's motion seeks an Order compelling Defendants to supply the requested information for the balance of Defendants' current and former employees during the specified time period.

II.  Discussion

Rule 26(b) of the Federal Rules of Civil Procedure authorizes parties to "obtain discovery regarding any matter, not privileged, that is *relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties relative access to relevant information, the parties resources, the importance of the discovery in resolving the issues, and whether the burden or*

2

*expense of the proposed discovery outweighs its likely benefit.*"[1] Fed.R.Civ.P. 26(b)(emphasis supplied). The pre-2015 Amendments to Rule 26(b) expressly stated that relevant discovery may include "the identity and location of persons who know of any discoverable matter." Although this language was deleted in 2015, its omission was based on the conclusion that "[d]iscovery of such matters is so deeply entrenched in practice that it is no longer necessary to clutter the long text of Rule 26 with these examples." *See* Advisory Committee Notes, 2015 Amendments. Thus, identifying information concerning persons who are likely to have knowledge relevant to any party's claim or defense is discoverable unless it is shown that the breath of the request is not proportional to the needs of the case. Here, although Plaintiff's interrogatory seeks identifying information concerning current and former employees not listed in Schedule A of the Complaint, such individuals are likely to have knowledge of discoverable matters. Further, there has been no showing that the burden of compiling and producing such information "outweighs its likely benefit," as contemplated by Rule 26(b). Accordingly, the Court overrules Defendants' objection that discovery of such identifying information should be limited to those current and former employees who were identified during the DOL's investigation and listed in Schedule A of the Complaint.

However, the Court also finds that the timeframe specified by Plaintiff's interrogatory, June 2, 2016 to the present, is overly broad in that it seeks information beyond that which is relevant to any claim or defense in this action. Although Plaintiff alleges that it may find violations that occurred beyond August 18, 2018, the Complaint alleges no facts to nudge this allegation beyond the speculative. See *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 n.8

---

[1] The former version of Rule 26(b) authorized the Court, "[f]or good cause," to "order discovery of any matter *relevant to the subject matter involved in the action.*" However, this clause was deleted from the current version of the Rule. *See* Advisory Committee Notes, 2015 Amendments. Accordingly, the relevancy inquiry here focuses on the claims and defenses raised in this action.

3

(2007) (A complaint states a claim where its factual averments sufficiently raise a "'reasonably founded hope that the [discovery] process will reveal relevant evidence' to support the claim.") (quoting *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 347 (2005) & *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 741 (1975)). Current and former employees of Defendants during the period identified in the Complaint are the persons who are likely to have knowledge of facts relevant to the claims of the Complaint that are supported by factual allegations.[2] Accordingly, Defendants' obligation to produce the requested information is limited to that time period.

III. Conclusion

For the reasons discussed above, Plaintiff's Motion to Compel Discovery is GRANTED in part and DENIED in part. The Motion is granted in that Defendants are ordered to respond fully to Plaintiff's Interrogatory No. 1 for the period June 2, 2016 through August 18, 2018. Based upon the allegations of the Complaint as presently stated, the Motion is denied to the extent it seeks information beyond August 18, 2018.

RICHARD A. LANZILLO
United States Magistrate Judge

Dated: March 5, 2020

---

[2] The Court is aware that an amendment to the FLSA in the "Consolidated Appropriations Act, 2018," which was passed by Congress and signed by the President on March 23, 2018, rescinded the portions of DOL regulations that prohibited employers from requiring tipped employees (e.g., servers) to share their tips with traditionally "non-tipped" employees (e.g., cooks and other back of the house employees), see 29 C.F.R. § 531.52 (2011), and that this amendment restored federal law as it existed prior to the 2011 regulation, i.e., permitting, under federal law, tipped and non-tipped workers to share tips, provided the employer does not take a "tip credit." At this stage of the litigation, however, the Court lacks information to determine what effect, if any, this amendment has on the claims of this case or the scope of discovery.

4